[No. 7040. Decided December 20, 1907.]

CARL OLSON, *Respondent,* v. HUMBIRD LUMBER COMPANY, LIMITED, *Appellant.*[1]

MASTER AND SERVANT—NEGLIGENCE OF MASTER—PROXIMATE CAUSE —SAFE PLACE—FELLOW SERVANTS. In an action by an employee, injured on a log deck in a saw mill, the evidence tends to show that the injury was caused, to some extent, by reason of failure to furnish a safe place to work, rather than by negligence of a fellow servant, where it appears that a steam kicker had torn a hole in the floor, into which the plaintiff stepped and was thrown down, causing him great pain at that time, and that in attempting to release him, the operator put the kicker in motion, after which it was discovered that his leg was broken.

SAME—PLEADING—AMENDMENTS TO CONFORM TO PROOF—APPEAL— REVIEW—DISCRETION. In an action by an employee whose complaint, relied particularly upon the negligence of a co-employee in putting in motion a steam kicker, after plaintiff's foot had become fast in a hole in the floor, it is discretionary to allow, upon terms, an amendment to the complaint to allege negligence in failing to provide a safe place to work, where the evidence made out a *prima facie* case of negligence as to the hole in the floor; and the same will not be reversed on appeal in the absence of a showing of abuse of discretion.

Appeal from an order of the superior court for Spokane county, Poindexter, J., entered February 9, 1907, granting plaintiff's motion for a new trial, in an action for personal injuries sustained by an employee in a sawmill. Affirmed.

*E. C. Macdonald* and *Donald F. Kizer,* for appellant, contended, that the proximate cause of the injury being the act of a fellow servant, the connection between the injury and the negligence as to the hole in the floor gave rise to no liability. *Dean v. Oregon R. & Nav. Co.,* 38 Wash. 565, 80 Pac. 842. If the person who started the kickers into motion had been a fellow servant with plaintiff, no recovery could be obtained against the defendant. *Millett v. Puget Sound Iron and Steel Works,* 37 Wash. 438, 79 Pac. 980; *Metzler v. Mc-*

[1]Reported in 92 Pac. 897.

*Kenzie*, 34 Wash. 470, 76 Pac. 114; *Wilson v. Northern Pac. R. Co.*, 31 Wash. 67, 71 Pac. 713; *Grim v. Olympia Light & Power Co.*, 42 Wash. 119, 84 Pac. 635. Whether the act was that of a fellow servant must be determined by the laws and decisions of the state of Idaho, where the accident occurred. *Northern Pac. R. Co. v. Babcock*, 154 U. S. 190, 14 Sup. Ct. 978, 38 L. Ed. 958; *Stewart v. Baltimore etc. R. Co.*, 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537; *Sartin v. Oregon Short Line R. Co.*, 27 Utah 447, 76 Pac. 219; *Johnson v. Union Pacific Coal Co.*, 28 Utah 46, 76 Pac. 1089, 67 L. R. A. 506; *Larsen v. LeDoux*, 11 Idaho 49, 81 Pac. 600. Under the rule in Idaho, where the New York rule is followed, Blake and the plaintiff were fellow servants. *Snyder v. Viola Mining & Smelting Co.*, 3 Idaho 28, 26 Pac. 127; *Larsen v. LeDoux, supra; Donnelly v. San Francisco Bridge Co.*, 117 Cal. 417, 49 Pac. 559; *Weeks v. Scharer*, 111 Fed. 330. The lower court erred in granting a new trial because the act of Blake in moving the kickers was not within the scope of his employment but a wanton act on his part. 2 Labatt, Master and Servant, § 537; *Jones v. St. Louis etc. Packet Co.*, 43 Mo. App. 398; *Axtell v. Northern Pac. R. Co.*, 9 Idaho 392, 74 Pac. 1075; *Turner v. North Beach etc. R. Co.*, 34 Cal. 594; *Mendelshon v. Anaheim Lighter Co.*, 40 Cal. 657; *Brown v. Jarvis Engineering Co.*, 166 Mass. 75, 43 N. E. 1118, 55 Am. St. 382, 32 L. R. A. 605; *Hartford v. Northern Pac. R. Co.*, 91 Wis. 374, 64 N. W. 1033.

*B. M. Branford* and *Joseph McCarthy*, for respondent.

Rudkin, J.—At the time of the injury complained of in this action, the defendant owned and operated a sawmill at Sand Point, Idaho. The mill was built on the bank or shore of Lake Pend Oreille, and the logs were brought into the mill from the lake over a logway. After the logs reached the mill or log deck they were rolled from the logway by means of an appliance known as a steam kicker. The kicker consisted of several iron bars about four feet in length situated a few feet

apart along the log deck. One end of the bars was attached to the machinery beneath the deck and the other end extended through the floor of the deck to the edge of the logway. The kicker was propelled by steam, by means of levers located near the end of the log deck, and when set in motion moved with great force and velocity. The iron bars referred to were about one inch thick and four inches wide and worked through slots in the floor in the log deck from one and a half to two inches in width. Some considerable time before the accident complained of, one of these bars was bent and, in working back and forth through the slot in the floor, had worn a hole in the log deck large enough to admit a person's foot. On the 2d day of June, 1905, the plaintiff was in the employ of the defendant in its mill as an assistant to the edgerman. About 10 o'clock that night he was called to the log deck by the foreman of the mill to assist in rolling from the logway an unusually large log which the steam kicker was not powerful enough to move. About a dozen other employees assisted in this work. As the log moved from the logway the plaintiff stepped into the hole in the floor or bed of the log deck caused by the bent arm of the kicker, as above described, and became fast between the kicker arm and the floor so that he could not extricate himself. He thus describes the manner in which he received his injury:

"I just started and lifted at the same time the log started and then I tried to get my cant hook loose from the log, but could not hardly do it. At the same time I tried to do that, I took a step ahead and just slipped down in a hole in the floor there on the side of the kicker. I tried to pull my foot up but could not do it it was in so tight in there. The kicker came back and tightened up. Q. Did you fall down or stand up? A. Just held over to the side and fall on my arms. Q. You fell over on your arms? A. Yes, sir. Q. Did it pain you any at that time. A. Yes, sir, it pained me awfully. Q. Just tell the jury what was done next if you remember. A. Well, the next to do was somebody chopped out the floor a little there, and they were going kind of slow, so that after that he [referring to the foreman of the mill] started and used that steam

feeder and the kickers came up and down again in full motion, and he used the kicker twice and the foot is standing down in the hole. After he used it twice I tried to pull out and somebody helped me, but we could not get it, and I noticed the bone was broken in the leg because I tried to pull it and I could twist it around in all directions. He raised the kicker once more and a few men were pulling my leg and the foot comes out with the kicker."

While the complaint alleged the defective condition of the log deck, the particular act of negligence which caused the injury, according to the allegations of the complaint, was the act of the defendant's foreman in operating the steam kicker for the purpose of releasing the plaintiff's foot from the hole in the log deck. Among other defenses interposed, the defendant averred that the negligent act complained of was the act of a fellow servant under the laws of the state of Idaho, which were specially pleaded in the answer. At the close of the plaintiff's testimony the defendant moved to discharge the jury and direct a judgment in its favor, for the reason that it appeared from all the testimony that the negligent act charged in the complaint was the act of a fellow servant. The plaintiff, on the other hand, asked leave to amend his complaint to conform to the testimony received at the trial tending to show that the injury was caused by a defect in the bed of the log deck and not by the act of the foreman Blake. After expressing some doubt as to the right of the plaintiff to amend, the court said:

"I will discharge the jury and give you an opportunity to present that portion of the evidence and I will consider your application to amend, and it will depend to some extent as to what the testimony in the case is upon that subject, so I will make the order to discharge the jury and take your application to amend under advisement."

Judgment was thereupon entered in favor of the defendant, but upon motion of the plaintiff the court thereafter granted a new trial. From the latter order the defendant has appealed.

In support of its appeal the appellant contends that the only act of negligence alleged or proved was the negligence of the

foreman of the mill in operating the steam kicker for the purpose of releasing the respondent's foot, and that such act was the act of a fellow servant for which the appellant is not liable. The record does not sustain this contention. It clearly appears from the testimony of the respondent, as quoted above, and from other testimony in the case, that the respondent was injured, to some extent at least, by reason of the defective condition of the bed of the log deck before the foreman took charge of or operated the steam kicker at all. Indeed, it may well be doubted whether there was any testimony tending to show that the respondent's injury was even augmented by the act of the foreman while attempting his release. The appellant's case would therefore be just as strong if based on the theory that there was no evidence of negligence on the part of the foreman as upon the theory that he was a fellow servant.

It clearly appears, however, that the testimony on the part of the respondent made out a *prima facie* case against the appellant for failure to furnish a reasonably safe place for its servants in the performance of their duties. Whether such negligence was sufficiently pleaded we need not inquire, because in the exercise of a sound discretion the court might well have permitted the complaint to be amended to conform to the facts proved, on such terms as it deemed just, and whether that discretion was exercised at the time the application was made, or on the application for a new trial, the ruling of the court is not subject to review here, unless an abuse of sound judicial discretion is made manifest, and no such showing is made or attempted. Inasmuch as the new trial was fully warranted on the ground above indicated, we do not deem it necessary to decide what the fellow servant law of our sister state of Idaho is or its application to the facts here presented.

The order granting a new trial is therefore affirmed.

Hadley, C. J., Fullerton, Crow, Dunbar, and Mount, JJ., concur.